IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SCOTT STANFIELD and NISSA STANFIELD,<br><br>Plaintiffs,<br><br>v.<br><br>LUNDBERG & ASSOCIATES, P.C. and SHELLPOINT MORTGAGE SERVICING, INC.,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:22-CV-00482-TS-DBP<br><br>District Judge Ted Stewart<br><br>Chief Magistrate Judge Dustin B. Pead |

Defendants NewRez LLC d/b/a Shellpoint Mortgage Servicing (Shellpoint) and Lundberg & Associates, P.C. (Lundberg), each respectively move the court to dismiss the Plaintiffs' Amended Petition for Emergency Preliminary Injunctive Relief and Verified Claim for Damages.[1] (ECF No. 26, ECF No. 28.) Having reviewed the parties' briefs and the relevant law, the court enters the following Report and Recommendation recommending Defendants' motions be granted.

## BACKGROUND

Plaintiffs, who are proceeding pro se,[2] own property located in Park City, Utah. Defendant Shellpoint claims to service a mortgage loan encumbering the property and via

---

[1] This matter is referred to the undersigned from Judge Ted Stewart pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 4.)

[2] The court construes the filings of pro se litigants liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court cannot be a pro se litigant's advocate, nor should the court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Defendant Lundberg, who is the trustee, intends to foreclose on the property. Plaintiffs have made repeated requests for a "certified copy of [the] original mortgage deed and original note." Amended Compl. ¶ 16. Instead of producing the original deed and note, Defendants have provided, according to Plaintiffs, "DIFFERING versions of COPIES of the security instruments." *Id.* ¶ 17. Neither U.S. Bank National Association, or any related mortgage trust, has sent Plaintiffs a letter providing proof of note ownership or authorizing Shellpoint to collect on their behalf. *Id.* ¶ 21-24. In fact, Plaintiffs allege Defendants can not claim ownership of the mortgage note as is required by law to initiate and maintain a foreclosure action.

Attached to Shellpoint's motion are certain public documents the court takes judicial notice of in deciding the instant motions.[3] Plaintiffs executed a deed for the benefit of CitiMortgage Inc. on January 3, 2005. Ex. A. (ECF No. 26-1.) CitiMortgage assigned the deed of trust to the Federal National Mortgage Association (Fannie Mae) in 2014, and Fannie Mae then assigned it to U.S. Bank Trust N.A., acting as trustee for VRMTG Asset trust. Ex. B (ECF No. 26-2.)

Plaintiffs brought the instant suit in July 2022 seeking to prevent any foreclosure. After Defendants moved to dismiss the Complaint, Plaintiffs agreed with Defendants' arguments (ECF No. 18.) and filed an Amended Complaint bringing new claims and asserting an additional

---

[3] "A court may look to documents subject to judicial notice in deciding a motion to dismiss." *Porter v. Ford Motor Co.*, 917 F.3d 1246, 1248 (10th Cir. 2019). In general, the sufficiency of a complaint rests on its contents alone. *See, e.g., Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010) ("The district court's disposition of the complaint was irregular. Although it characterized its action as a dismissal for failure to state a claim, the court did not restrict itself to looking at the complaint."). However, there are exceptions to this restriction. These include (1) documents that the complaint incorporates by reference or that are attached as exhibits, *see Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007); (2) "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity," *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir.2002); and (3) "matters of which a court may take judicial notice," *Tellabs, Inc.*, 551 U.S. at 322, 127 S.Ct. 2499.

ground for jurisdiction – the Fair Debt Collection Practices Act (FDCPA).[4] Defendants move to dismiss Plaintiffs' Amended Complaint under several theories, pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure.

## STANDARD OF REVIEW

### A. Federal Rule 12(b)(1)

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the court has jurisdiction to properly hear the case before it. Federal courts are courts of limited subject-matter jurisdiction. *Gad v. Kansas State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015). A court "may only hear cases when empowered to do so by the Constitution and by act of Congress." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir.2004) (internal quotation marks omitted). Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed. *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms a (1) facial attack or (2) factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a facial attack on a complaint, the court accepts the allegations of the complaint as true. *Id.* In contrast, when reviewing a factual attack on a complaint, the court "may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003. In a factual attack, the moving party challenges the facts upon which subject-matter jurisdiction is based. *Id.* The court therefore must make its own findings of fact. *Id.* In order to make its findings regarding disputed

---

[4] Section 1692k of the FDCPA provides "An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C.A § 1692k.

jurisdictional facts, the court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987)). The court's reliance on "evidence outside the pleadings" to make findings concerning purely jurisdictional facts does not convert a motion to dismiss under Rule 12(b)(1) into a motion for summary judgment under Rule 56. *Id.*

### B. Federal Rule 12(b)(6)

In deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court presumes the truth of all well-pleaded facts in the complaint but need not consider conclusory allegations. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006), *cert. denied*, 549 U.S. 1209 (2007). The court is not bound by a complaint's legal conclusions, deductions, and opinions couched as facts. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 565 (2007). Furthermore, though all reasonable inferences must be drawn in the non-moving party's favor, a complaint will only survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### DISCUSSION

Federal courts are courts of limited subject-matter jurisdiction. *Gad v. Kansas State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015). A court "may only hear cases when empowered to do so by the Constitution and by act of Congress." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir.2004) (internal quotation marks omitted). Without jurisdiction conferred by statute, they lack the power to adjudicate claims. And, because subject-matter jurisdiction is a

constitutional prerequisite to hearing a case it "can never be forfeited or waived." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). Thus, the court always has an independent obligation, no matter the stage of litigation, to consider whether a case creates a live case or controversy that belongs in federal court.

### A. Federal Question Jurisdiction

Federal question subject matter jurisdiction is granted in 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3), which provide district courts with original jurisdiction over civil actions that involve rights arising under the Constitution and federal laws. § 1331; § 1343(a)(3). Plaintiffs rely on 42 U.S.C. § 1983, which requires Plaintiffs to prove that the Defendants, while acting "under color" of any state law, deprived them "of any rights, privileges, or immunities secured by the Constitution and laws." § 1983.

Plaintiffs point to a failure to provide ownership verification via the promissory note in trying to establish a violation of § 1983. This argument is groundless. Attached to Defendant's motion are public documents that undermine this assertion along with Plaintiffs baseless claims that Defendants failed to rebut their presumptions against ownership in the Amended Complaint.

Usually, private parties are not state actors subject to liability under § 1983. *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1143 (10th Cir. 2014) (observing that "§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful" (internal quotation marks omitted)). Plaintiffs set forth four tests concerning state actor liability under §1983 – the "nexus test, the symbiotic relationship test, the joint action test, and the public function test." (ECF No. 29 p. 5.) Plaintiffs then assert Defendants are acting in concert with state actors because Utah law allows for a "non-judicial" foreclosure process. Plaintiffs cite no case law in support of this argument and authority weighs against it. *See Davis*

v. Deutsche Bank Nat'l Tr. Co. for GSAA Home Equity Tr. 2007-5, Asset-Back Certificates, Series 2007-5, 737 F. App'x 379, 383–84, 2018 WL 2676893 (10th Cir. 2018) (rejecting argument that the bank was a state actor by utilizing state law to foreclose on the plaintiff's property); Earnest v. Lowentritt, 690 F.2d 1198, 1201 (5th Cir. 1982) ("Initiation of foreclosure proceedings pursuant to a mortgage implicates no similar 'authority of state law.'") (quoting U.S. v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031 (1941)). Thus, this argument fails.

Because Plaintiffs failed to plead any facts demonstrating that Defendants acted under color of state law, the undersigned finds they failed to establish subject matter jurisdiction based on the existence of a federal question.

B. **FDCPA Jurisdiction**

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). As outlined in *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002), the "substantive heart of the FDCPA lies in three broad prohibitions."

> First, a 'debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.' § 1692d. Second, a 'debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.' § 1692e. Third, a 'debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.' § 1692f.

*Id.* at 1117. A violation of the FDCPA may result in civil liability or administrative enforcement by the Federal Trade Commission. 15 U.S.C. §§ 1692k, 1692l. To assert a civil claim under the FDCPA, a plaintiff must demonstrate that: (1) he or she is a consumer within the meaning of 15 U.S.C. § 1692a(3); (2) the debt is one for personal, family, or household purposes, 15 U.S.C. §

1692a(5); (3) defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6); and (4) the defendant violated a provision of the FDCPA. *See Chung v. Lamb*, No. 14-CV-3244-WYD-KLM, 2016 WL 1028320, at *2 (D. Colo. Mar. 15, 2016).

For purposes of its motion, Defendant Shellpoint argues its specific communications at issue did not constitute debt collection and did not violate the FDCPA. The letters complained of by Plaintiffs were not a debt collection because they were not sent to collect payments. Instead, they were sent in response to Plaintiffs' inquiries or to provide information about a planned judicial foreclosure. Plaintiffs fail to refute this assertion and offer no evidence of any violation of the FDCPA. *See, e.g., Marx v. Gen. Revenue Corp.*, 668 F.3d 1174, 1177–78 (10th Cir. 2011) ("Because we find that the facsimile did not constitute a 'communication' within the ambit of the FDCPA, we need not consider whether [the debt collector] violated § 1692c(b)'s prohibition against debt-collector 'communicat[ions]' with third parties.")

Thus, any basis for jurisdiction under the FDCPA alsofails.

### C. Other Issues

Plaintiffs argue Defendant Shellpoint "did engage in negligent misrepresentation and securities fraud by securitizing a document through the mail in an attempt to extort monies from Plaintiffs." (ECF No. 29 p. 14.) This argument is meritless. As noted by Defendants, a home mortgage is not a security. *See State v. J.R.B.*, 2010 UT App 245, ¶ 12, 239 P.3d 1052, 1055.

In similar fashion, Plaintiffs' reliance upon the Utah Residential Mortgage Practices and Licensing Act in asserting Shellpoint's conduct violated this Act is misplaced. Finally, as argued by Defendants, Plaintiffs also fail to claim they relied or believed on false statements to assert a claim under the FDCPA, fail to provide facts that foreclosure is illegal, and misapply statutes regarding threats of dispossession that do not apply to nonjudicial foreclosure. Plaintiffs also fail

to address Defendant Lundberg's separate argument that it is a trustee and entitled to dismissal under Utah Code Ann. Section 57-1-22.1.

In sum, allowing Plaintiffs another opportunity to be amend would be futile. Their Amended Complaint fails to establish subject matter jurisdiction and fails to state a claim upon which relief may be granted. Thus, dismissal is warranted.

## REPORT AND RECOMMENDATION

For the reasons set forth above, Defendants' respective motions to dismiss should be granted and this case dismissed.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 18 November 2022.

_____
Dustin B. Pead
United States Magistrate Judge