IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SCOTT STANFIELD and NISSA STANFIELD,<br><br>Plaintiffs,<br><br>v.<br><br>LUNDBERG & ASSOCIATES, P.C., SHELLPOINT MORTGAGE SERVICING, INC.,<br><br>Defendants. | ORDER ADOPTING REPORT AND RECOMMENDATION<br><br><br>Case No. 2:22-CV-482-TS-DBP<br><br>District Judge Ted Stewart |

On July 21, 2022, Plaintiffs filed their Complaint. This case was subsequently referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). After Defendants moved to dismiss, Plaintiffs filed their Amended Complaint. Defendants again moved to dismiss.

The Magistrate Judge issued a Report and Recommendation on November 18, 2022. The Magistrate Judge recommends that Defendants' motions be granted. This matter is before the Court for consideration of that Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), a party has 14 days from being served with a copy of the Report and Recommendation to file an objection. Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing, Inc. ("Shellpoint") has filed an objection to the Magistrate Judge's Report and Recommendation. As Defendant has objected, the Court reviews the Report and Recommendation de novo.[1]

> In order to conduct a de novo review a court should make an independent determination of the issues . . .; [it] is not to give any special weight to the [prior]

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

1

determination. The district judge is free to follow [a magistrate's recommendation] or wholly to ignore it, or, if he is not satisfied, he may conduct the review in whole or in part anew.[2]

Shellpoint largely agrees with the Report and Recommendation and asks the Court to adopt it "with three revisions: it should rule it has federal question jurisdiction over the FDCPA claim, it should rule it has supplemental jurisdiction over the other claims, and it should dismiss all the claims with prejudice and thereby save the parties the expense of further litigation."[3]

Shellpoint's Objection rests on two misunderstandings. First, Shellpoint misunderstands the Report and Recommendation as recommending dismissal of Plaintiffs' FDCPA claim only on jurisdictional grounds. However, the Report and Recommendation also concludes that it fails to state a claim. Second, Shellpoint suggests that the Magistrate Judge recommended declining supplemental jurisdiction over Plaintiffs' state-law claims. This is not the case. The Magistrate Judge examined all claims and concluded that they failed, and that further amendment would be futile. With these misunderstandings resolved, nothing remains of Shellpoint's Objection.

It is therefore

ORDERED that the Magistrate Judge's Report and Recommendation (Docket No. 36) is ADOPTED IN FULL. This action is dismissed with prejudice.

DATED this 3rd day of January, 2023.

BY THE COURT:

Ted Stewart
United States District Judge

---

[2] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (alterations in original) (internal quotation marks and citations omitted).

[3] Docket No. 37, at 5.